1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CODELL PRIDE, Jr.,<br>CDCR #H-61218,<br><br>                    Plaintiff,<br><br><br><br>      vs.<br><br><br><br>M. CORREA; DR. LEVIN;<br>T. OCHOA; DR. SANTIAGO; JOHN OR<br>JANE DOE,<br><br>                  Defendants. | Civil No.    07-1382 BEN (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 6];**<br><br>**(2)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL FILING FEE, GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT  [Doc. No. 4];**<br><br>**AND**<br><br>**(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO Fed.R.Civ.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

Plaintiff, an inmate currently incarcerated at Calipatria State Prison ("CAL") located in

Calipatria, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42

26
27
28

U.S.C. § 1983.[1]  Plaintiff alleges that CAL prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment when they denied him adequate medical care.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4], in addition to a "Motion to Appoint Counsel." [Doc. No. 6]

## I.   Motion to Appoint Counsel [Doc. No. 6]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II.   Motion to Proceed IFP [Doc. No. 4]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however,

---

[1] The proceedings were assigned to this Court, but have been referred to Magistrate Judge Jan M. Adler by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

07cv1382

remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**III.   Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Here, the Court finds that Plaintiff's allegations, if presumed true as they must at this stage of review, are sufficient to survive the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Lopez*, 203 F.3d at 1126-27 (9th Cir. 2000) ("The language of

07cv1382

section 1915(e)(2), as it applies to dismissals for failure to state a claim, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'") *quoting Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Resnick*, 200 F.3d at 644 (when conducting sua sponte screening pursuant to 28 U.S.C. § 1915, court must construe pro se pleadings liberally).  However, Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

**III.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Appoint Counsel [Doc. No. 6] is **DENIED** without prejudice;

2.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4] is **GRANTED**.

3.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.      The Clerk of the Court is directed to serve a copy of this order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

5.      The Clerk shall issue the summons, provide Plaintiff with  a certified copy of both this Order and his Complaint, and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in his Complaint.  Plaintiff shall complete the Form 285s and forward them to the United States Marshal.  The U.S. Marshal shall then serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on each U.S. Marshal Form

07cv1382

285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(2).

6.      Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

7.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED:  September 21, 2007

_____
Hon. Roger T. Benitez
United States District Judge

5

07cv1382