UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CODELL PRIDE, JR., CDC# H-61218,<br><br>             Plaintiff,<br><br>v.<br><br>M. CORREA, et al.,<br><br>             Defendants. | Case No. 07-CV-1382-BEN (JMA)<br><br>**REPORT AND RECOMMENDATION RE DENYING OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF**<br><br>**[Doc. No. 18]** |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Claim for Injunctive Relief ("the Motion"), brought pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 18].[1] Plaintiff, proceeding *pro se* and *in forma pauperis*, opposes the Motion. The Court found the Motion suitable for submission without oral argument. For the reasons set forth below, the Court recommends that the Motion be **DENIED**.

**I.   FACTUAL ALLEGATIONS**

Plaintiff contends that, on August 9, 2004, while he was

---

[1] The Motion was filed on behalf of all named Defendants in this action: M. Correa, Dr. Levin, T. Ochoa, and Dr. Santiago.

incarcerated at Pelican Bay State Prison, prisoner doctor J.E. Lazore (not a defendant in the action) prescribed for him an "extra mattress" (pursuant to a medical "chrono" with an expiration date of August 9, 2005) due to a permanent shoulder injury that causes Plaintiff considerable pain and sleeplessness. (Compl. at 6, 18.)  On June 20, 2005, a prison doctor prescribed for him a "[right] knee sleeve" (pursuant to a medical chrono with an expiration date of June 19, 2006) due to a sports injury to Plaintiff's knee that causes it to slide out of joint resulting in pain and swelling.  (Compl. at 4, 7, 17.)[2]  At some time after those prescriptions were made, Plaintiff was transferred to Calipatria State Prison.  (Compl. at 4.)

On January 3, 2006, Plaintiff was examined by Defendant Dr. Santiago at Calipatria, who stated to Plaintiff that he would request to the "chrono committee to get [his] chronos renewed and request an egg crate mattress and chronos for both knee braces," as Plaintiff's left knee had "gotten worse" by compensating for the right knee.  (Compl. at 7.)  Dr. Santiago "explained to [Plaintiff] that Calipatria's no double mattress policy was the reason he'd request an egg crate mattress."  (Compl. at 7-8.)  On January 5, 2006, the chrono committee (of which Defendants M. Correa and Dr. Levin are members) denied the requested treatment. (Compl. at 7-8, 4-5.)  The no double mattress policy is enforced by Defendant Warden T. Ochoa.  (Compl. at 6.)

Plaintiff has explained to nurses at Calipatria that he is "in pain day and night."  (Compl. at 5.)  He has exhausted his

---

[2] Plaintiff states in the Complaint that "the same doctor," Dr. Lazore, prescribed the knee brace; however, the record indicates that another doctor did so.  (See Compl. at 17.)

administrative remedies regarding these issues.  (Compl. at 8.) Plaintiff explained his situation to R.N. S. Garcia (not a defendant to the action) on March 2, 2006.  Nurse Garcia told Plaintiff "that the chrono committee stated there was no proof of [Plaintiff's] injuries or an examination.  S. Garcia then called the appeals coordinator and it was determined that an x-ray was needed to determine [Plaintiff's] injury, however, no x-ray was ever given."  (Compl. at 8.)

Plaintiff is in constant pain and does not get enough sleep. (Compl. at 8.)  Because he has to sleep on his sides, shoulders, or stomach on a two and one-half inch thick mattress on a steel slab, he has poor blood circulation, is losing muscle mass, is stressed and tired all the time, and cannot exercise because of the pain and lack of rest.  (Compl. at 8-9.)  Plaintiff saw a prison nurse on March 13, 2007, who prescribed pain pills. (Compl. at 9.)  He has taken so much ibuprofen that it no longer works, and it is negatively affecting his stomach lining. (Compl. at 9.)

**II.   PROCEDURAL BACKGROUND**

On July 27, 2007, Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983.  He alleges two claims in his Complaint:  First, that Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment; and second, "right to medical care."  (Compl. at 4-9.) Plaintiff seeks an injunction preventing Defendants from denying him medical treatment and accommodations and preventing Defendants from retaliating against Plaintiff for bringing the action, $1,000,000 in general damages, and $1,000,000 in punitive

damages.  (Compl. at 11.)

**III. LEGAL STANDARDS**

    **A.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

    A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint.  A claim can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).  The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff.  <u>N.L. Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986); <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

    The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim, a complaint cannot be dismissed without leave to amend.  <u>Conley</u>, 355 U.S. at 45-46; <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129-30 (9th Cir. 2000).

    In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings.  <u>Schneider v. California Dep't of Corrections</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  <u>Id.</u>

1  Nevertheless, the court may also consider documents or exhibits
2  "whose contents are alleged in a complaint and whose authenticity
3  no party questions." Branch v. Tunnell, 14 F.3d 449, 454 (9th
4  Cir. 1994); see also Parks, 51 F.3d at 1484 ("When a plaintiff
5  has attached various exhibits to the complaint, those exhibits
6  may be considered in determining whether dismissal [is] proper"
7  under Fed. R. Civ. P. 12(b)(6).

**IV. PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF IS NOT REQUIRED TO BE BROUGHT THROUGH THE RECEIVER OR CLASS REPRESENTATIVE OF THE PLATA CLASS ACTION**

On June 13, 2002, a "Stipulation for Injunctive Relief" was approved by Judge Thelton E. Henderson and filed in the United States District Court for the Northern District of California in Plata v. Davis, case no. C-01-1351-THE (the "Plata stipulation). (Dft.'s Request for Judicial Notice [doc. no. 18] at Exh. A.)[3] The Plata action is an open case on the Court's docket. The plaintiff class in Plata consists of all prisoners in the custody of the California Department of Corrections ("CDC") with serious medical needs, except those incarcerated at Pelican Bay State Prison. (Id. at ¶ 8.) Defendants in the Plata action include the Governor of California, Director of Finance; Youth and Adult Correctional Agency Secretary; Director of Corrections; and Deputy Director, Health Care Services Division, who are sued in their official and individual capacities as state officials responsible for the operation of the CDC. (Id. at ¶ 1.) The action alleges that plaintiffs are not receiving constitutionally

---

[3] While Plaintiff did not attach a copy of the Plata stipulation to the Complaint herein, he does attach it to his Opposition to the Motion, and it is plain that no party questions its authenticity. Accordingly, the Court takes judicial notice of the Plata stipulation as requested by Defendants. [Doc. No. 18.]

1 adequate medical care as required by the Eighth Amendment of the
2 U.S. Constitution and that defendants are not complying with the
3 Americans with Disabilities Act and § 504 of the Rehabilitation
4 Act.  (Id. at ¶ 2.)

5     Generally, the Plata stipulation calls for implementation by
6 the CDC of "Policies and Procedures" designed to meet or exceed
7 the minimum level of care necessary to fulfill the defendants'
8 obligation to plaintiffs under the Eighth Amendment of the U.S.
9 Constitution.  (Plata stipulation at ¶ 4.)  The Plata stipulation
10 delineates a plan for implementation of these Policies and
11 Procedures at most California prisons during the calendar years
12 2003 through 2008.  (Id.)  Paragraph 29 of the Plata stipulation
13 states:

> ... Neither the fact of this stipulation nor any
> statements contained herein may be used in any other
> case or administrative proceeding, except defendants,
> CDC, or employees thereof reserve the right to use this
> Stipulation and the language herein to assert issue
> preclusion and res judicata in other litigation <u>seeking
> class or systemic relief</u>.

18 (emphasis supplied.)

19     Defendants contend that Plaintiff cannot state a cognizable
20 claim for injunctive relief because any request for injunctive
21 relief in this action is barred by the Plata class action.
22 Defendants rely on the general proposition that individual suits
23 for injunctive and equitable relief from alleged unconstitutional
24 prison conditions cannot be brought where there is an existing
25 class action encompassing the same subject matter.  McNiel v.
26 Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); see also, Green v.
27 McKaskle, 770 F.2d 445, 446-447 (5th cir. 1985); Goff v. Menke,
28 672 F.2d 702, 704 (8th Cir. 1982)("[A] class member should not be

able to prosecute a separate equitable action once his or her class has been certified.")  Defendants urge that a plaintiff who is a class member may assert any equitable or declaratory claims he has, but must do so by either "urging further action through the class representative ... or by intervention into the class-action."  <u>Gilespe v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir. 1998).  Consequently, Defendants contend, Plaintiff should be required to pursue any claim for injunctive relief through the Receiver appointed in the <u>Plata</u> class action.  (<u>See</u> Dft.'s Request for Judicial Notice [doc. no. 18] at Exh. B, "Order Appointing Receiver.")

Plaintiff opposes the Motion on several grounds.  First, Plaintiff contends that individuals seeking individual relief are not barred by the <u>Plata</u> stipulation from doing so.  He bases this contention on the language of paragraph 29 of the <u>Plata</u> stipulation itself, on an order issued by Judge Henderson (the judge presiding in the <u>Plata</u> action) stating that an individual may file a separate legal action seeking relief regarding medical or non-medical matters, and on a letter he received from what appears to be a nonprofit public interest law firm stating that "defendants cannot use Plata to bar class members' claims for individual injunctive relief or damages." (Opposition [doc. no. 25] at 2-4 & Exhs. A & B.)  Second, Plaintiff contends that a hearing of his case would not result in duplicative or inconsistent judgments with the <u>Plata</u> class action.  (<u>Id</u>. at 4.)  Third, Plaintiff notes that the defendants in the <u>Plata</u> class action are different from those he sues here.  Finally, he asserts that the <u>Plata</u> stipulation is not binding on him so as to

07cv1382

bar this individual action because he was not given notice and opportunity to opt out of the class in <u>Plata</u> pursuant to Fed. Rule Civ. Proc. 23.  (<u>Id</u>. at 4-8.)

In <u>Tillis v. Lamarque</u>, 2006 WL 644876 (N.D.Cal. March 9, 2006), the district court considered this same issue regarding a prisoner who, while incarcerated at Salinas Valley State Prison, was severely beaten by four inmates and allegedly denied medical attention.  Tillis brought an action against prison officials under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment, among other things, and sought, in part, an injunction ordering that he be transferred from the prison he occupied at the time of the filing of the action to the California Medical Facility in Vacaville for treatment by physicians not affiliated with the CDC.  <u>Id</u>. at *1-2.  In denying defendants' motion to dismiss the claim for injunctive relief on the grounds that plaintiff must seek relief via his class representative in the <u>Plata</u> action, the court stated, "Plaintiff is seeking relief solely on his own behalf, and therefore does not fit into the stipulation's exception.  <u>Plata</u> does not bar the injunctive relief sought by Tillis."  <u>Id</u>. at * 9.

Like the Plaintiff in <u>Tillis</u>, Plaintiff Pride seeks relief, both injunctive and monetary, on behalf of himself alone. Plaintiff seeks no "class or systemic relief" and, accordingly, is not precluded from maintaining his claim for injunctive relief.  (<u>See</u> <u>Plata</u> stipulation, ¶ 29.)  Specifically, the injunction sought by Plaintiff – to prevent defendants Correa, Levin, Ochoa, and Santiago "from denying [Plaintiff] medical treatment and accommodations; also preventing defendants [from

engaging in] any and all retaliations/hardships" – clearly seeks relief solely for himself. (Compl. at 11.) The <u>Plata</u> stipulation sets forth guidelines and a schedule for implementation of health care policies and procedures and the rehabilitation of prisoner medical care at the systemic level. Any injunctive relief awarded to Plaintiff through this action will not contradict or undermine the systemic relief mandated by the <u>Plata</u> stipulation. Accordingly, the <u>Plata</u> stipulation does not bar Plaintiff's claim for injunctive relief in this action.

Accordingly, the Court recommends that Defendants' Motion to Dismiss Plaintiff's Claim for Injunctive Relief be **DENIED.**

**V.    CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, this Court recommends that the District Judge issue an Order **DENYING** Defendants' Motion to Dismiss Plaintiff's Claim for Injunctive Relief.

This report and recommendation will be submitted to the Honorable Roger T. Benitez, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **July 3, 2008**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **July 31, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

//
//
//
//

1  district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
2  Cir. 1991).
3      **IT IS SO ORDERED**.
4  DATED:  June 18, 2008

                                              Jan M. Adler
                                              U.S. Magistrate Judge