# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CODELL PRIDE, JR., <br><br> Plaintiff, <br> vs. <br><br> M. CORREA, et al., <br><br> Defendant. | CASE NO. 07cv1382-BEN (JMA) <br><br> ORDER: <br> (1) RULING ON OBJECTIONS TO REPORT and RECOMMENDATION; and <br> (2) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF |

Now before the Court is the Report and Recommendation filed on June 18, 2008, recommending that the Court deny Defendants' Motion to Dismiss Plaintiff's claims for injunctive relief. Defendants filed timely Objections and Plaintiff has filed a response to the Objections.[1]

## BACKGROUND

On July 27, 2007, Plaintiff David Codell Pride, Jr., a *pro se* state prisoner currently incarcerated at Calipatria State Prison, filed the complaint in this matter. Plaintiff seeks relief under 42 U.S.C. § 1983 and alleges that Defendants have denied Plaintiff a double mattress and knee braces necessary to alleviate orthopedic pain. Plaintiff alleges violations of his rights under the Eighth Amendment, and seeks $1 million in compensatory and punitive damages as well as injunctive relief from the four named individual Defendants sued in their individual capacities.

---

[1] Plaintiff's response was received on July 29, 2008 and is unsigned and undated. Nevertheless, the Court has considered Plaintiff's response in reviewing the Report and Recommendation.

Defendants moved to dismiss Plaintiff's claim for injunctive relief. Defendants contend that Plaintiff's injunctive relief claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter because the claim is currently pending as a class action (addressing all medical care in California's prison system) before another federal court in *Plata v. Schwarzenegger*, No. 01-1351 (N.D. Cal. Feb. 14, 2006).

## STANDARD OF REVIEW

The duties of the district court in connection with a Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, a *de novo* determination is required. 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in part, the findings or recommendations. 28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 455 F.Supp.2d 1080, 1088 (S.D. Cal. 2006).

## ANALYSIS

Defendants filed Objections in this case. Accordingly, the Court has reviewed the motion and the Report and Recommendation *de novo*. The Court finds that the Magistrate Judge correctly concluded that whether to dismiss Plaintiff's claim for injunctive relief in view of the pending *Plata* class action is within this Court's discretion. The Magistrate Judge correctly notes that a decision from the Northern District of California in a similar context declined to dismiss an individual prisoner's action, notwithstanding *Plata*. *See Tillis v. Lamarque*, Case No. C 04-3763, slip op., 2006 WL 644876 (N.D. Cal. Mar. 9, 2006). Plaintiff also urges this court of adopt the *Tilllis* view. Defendants, on the other hand, suggest the better course is to follow the direction of two decisions granting dismissal of individual claims where class actions are pending. *See Coyle v. Cambra*, Case No. C 02-1810, slip op., 2005 WL 2397517 (N.D. Cal. Sept. 27, 2005); and *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198 (C.D. Cal. 2004).

In *Plata*, the United States District Court for the Northern District of California, District Judge Thelton Henderson, has appointed a Receiver to take control of the delivery of medical services to California state prisoners. Improving medical staffing and screening procedures are part of the appointed Receiver's assigned tasks. *See Plata v. Shwarzenegger*, No. 01-1351, 2005 WL 2932253, at *12 (N.D. Cal. Oct. 3, 2005). Thus, Plaintiff's claim for injunctive relief asserts interests that are

already being provided for by another court.

In a similar context, another Judge of this district faced with the same issue dismissed a California prisoner's claims for medical injunctive relief. *See Gary v. Hawthron*, Case No. 06cv1528-WQH (PCL), slip op., 2007 WL 2781098 (S.D. Cal. Sept. 19, 2007) (Hayes, J.). This Court finds the reasoning of *Hawthron* to be persuasive. *See Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979) (holding that district court may dismiss individual plaintiff's action where plaintiff is a member of a pending class action raising the same claims). Therefore, this Court declines to adopt the Report and Recommendation and grants Defendants' Motion to Dismiss Plaintiff's claims for injunctive relief regarding medical services.

## CONCLUSION

Plaintiff's claim for injunctive relief regarding medical services is dismissed. Plaintiff's other claim for monetary damages against the four individual prison staff Defendants, acting in their individual capacities, is not the subject of Defendants' Motion to Dismiss, and therefore remains.

IT IS SO ORDERED.

Dated: September 8, 2008.

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE