1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                           SOUTHERN DISTRICT OF CALIFORNIA

10

11   DAVID CODELL PRIDE, JR.,               )    Case No. 07-CV-1382-BEN (JMA)
                                            )
12                   Plaintiff,             )    **ORDER DENYING PLAINTIFF'S**
                                            )    **MOTION FOR APPOINTMENT OF**
13   v.                                     )    **COUNSEL**
                                            )
14   M. CORREA, et al.,                     )    **[Doc. No. 39]**
                                            )
15                   Defendants.            )
                                            )
16   ─────────────────────────────         )

17

18         Plaintiff David C. Pride, Jr., a state prisoner proceeding *pro se* and *in forma*

19   *pauperis*, has filed a Complaint pursuant to 42 U.S.C. § 1983.  [Doc. No. 1]  Plaintiff has

20   submitted a motion in which he requests that the Court appoint counsel for him pursuant

21   to 28 U.S.C. § 1915.  [Doc. No. 39]  For the reasons set forth below, Plaintiff's motion is

     **DENIED**.

22
           Plaintiff is requesting appointment of counsel because he is a lay person and
23
     because he believes it will be difficult for him to adequately present his case which will
24
     require him to locate and retain expert witnesses,  interview witnesses, and perform
25
     investigations.  He also argues, without support, that his case has a likelihood of
26
     success on the merits.
27
           "[T]here is no absolute right to counsel in civil proceedings."  *Hedges v.*
28
     *Resolution Trust Corp.,* 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  District

07cv1382

1    courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel

2    for indigent civil litigants upon a showing of "exceptional circumstances."  *See Terrell v.*

3    *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances

4    requires an evaluation of both 'the likelihood of success on the merits and the ability of

5    the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

6    involved.'  Neither of these factors is dispositive and both must be viewed together

7    before reaching a decision.'" *Id.* (citations omitted).

8           Plaintiff has demonstrated an ability to articulate the factual and legal bases of

9    his claim with sufficient clarity.  Indeed, Plaintiff's claim for monetary damages against

10   the four individual prison staff Defendants, acting in their individual capacities, remains

11   in the case, and Defendants have answered the Complaint.  Based on the information

12   currently before the Court, it is clear that Plaintiff has the competence necessary to

13   pursue his case.  Without more, this Court cannot conclude that there are "exceptional

14   circumstances" which would warrant the appointment of counsel in Plaintiff's case.  Nor

15   has Plaintiff submitted anything which would suggest he is likely to succeed on the

16   merits or that it would be in the interests of justice for counsel to be appointed in his

17   case.

18          Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for

19   appointment of counsel is **DENIED**.

20
        **IT IS SO ORDERED.**
21
     DATED:  April 29, 2009
22

23                                          _____
                                            Jan M. Adler
24                                          U.S. Magistrate Judge

25

26

27

28

                                            2                                          07cv1382