DAVID PRIDE H-61218
CALIPATRIA STATE PRISON
B2-211-LOW
P.O. BOX 5005
CALIPATRIA, CA. 92233
(IN PRO SE)

NUNC PRO TUNC
APR 2 0 2010

FILED
2010 APR 23 AM 8:25
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DAVID CODELL PRIDE, JR.,
(PLAINTIFF)

V.

M. CORREA, et al.,
(DEFENDANTS)

D.C. NO. 07-CV-1382 BEN (JMA)

Def motion for
MOTION TO DISMISS SUMMARY JUDGMENT:

( UNDER RULE 56 (f) (1) )

DATE: 4.19.10

TIME: 10:30 AM

COURTROOM: 3

Judge: HON Roger T. Benitez

Plaintiff hereby moves this court to deny/dismiss defendants motion for summary judgment under "Rule 56 (f) Fed. R. Civ. P.. Attempting to gather evidence to support plaintiffs opposition to "defendants motion for summary judgment;" plaintiff contacted (R.N. S. Garcia) by mail with no results, plaintiff then saw "S. Garcia" during a medical-visit with (Dr. Straga) in the (Central Health Dept) at Calipatria/prison, and "Def. Garcia" was questioned by plaintiff in regards to the (602 Inamte-appeal) attached to plaintiff's "original-complaint." Plaintiff expressed his desire to interview Garcia because, Garcia could support his version of events in regards to "medical appointments, Inmate-appeal;" and was questioned about what she exactly told (T. Ochoa) about the "double-mattress" policy at Calipatria/prison; she indicated that she did remember the incident and informing him that the mattress was for "medical purposes,"

-1-

but she needed to review the Inamte-appeal, and that she needed to get the okay from her supervisor. Garcia wrote plaintiffs " CDC No. " on her hand and name, and stated that she would get back to plaintiff, but, she never did.

Plaintiff, while going over the defendants declarations and motion for summary judgment and the attached exhibits, mainly "exhibit-E/pg. 40," attached to defendants "memorandum of points and authority, "section (h)" of that exhibit has been altered/blanked out ! This appeals section indicates the need for Def./S. Garcia, that she could help plaintiff in certain areas. This document also appears altered from the original, attached to "Correa's declaration - exhibit-D pg. 6," and in attorney for defendant's, Sheehy's - declaration pg. 2 line-6, it states that, "the Inmate appeal is a true copy," however this is false.

This document was altered to exclude:

1.) Respondents have lied in their response during inmate appeals process.
2.) Medical-record reflects need for a double mattress or egg crate.
3.) one had been given in (2005).
4.) TwO Doctor's at that time had recommended it.
5.) Each time I went to the doctor, I spoke to them about my medical appeal, (defendant's point to the appeals second level, stating that plaintiff did not speak to his doctors about the chrono's since they were denied), and R.N.-Garcia can vouch for this as she's called the appeals coordinator for me during my last visit.
6.) PCP was suppose to check my records.

-2-

1    This section of the inmate-appeals form that was altered contains
2  vital facts that contest's defendants uncontested fatcs and points relied
3  upon by them. A true and accurate original appeals form has been filed
4  with this court attached to plaintiffs complaint exhibit-B, and a true
5  and correct copy is attached to this motion as exhibit-A. R.N. S. Garcia
6  has been now shown to be an unwilling participant as to giving a
7  statement, and that she must check with her supervisor. The section
8  of the Inmate-appeal that defendants rely on, see Correa's declaration
9  pg. 4 paragraph 12; Levin's declaration pg. 5 paragraph 13; defendants
10 points and authority 6-7, and defendants statement of undisputed facts
11 pg's 10-11 "54/55." Plaintiff at every opportunity tried to get his
12 ordered medical treatment and the Inamte-appeal, "medical-records of
13 several doctor's order's prove that, yet treatment was still denied
14 and medical-records support that medical-treatment as well as plaintiff's
15 declaration in support, and defendants alteration of the "602-Inmate
16 appeal's," and then attempting to capitalize off of wrongfully excluded
17 facts in a motion for summary judgment, tends to show evidence that
18 the defendants attempted to defraud this court and may have something
19 to do with S. Garcia's unwillingness to interview with plaintiff, denying
20 plaintiff an opportunity to gather opposing evidence in support of his
21 opposition to defendants motion for summary judgment consistent with
22 the standards set out in Rule 56 (d)(2).

For these reasons, under Rule 56 (f) "when affidavits are unavailable, if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) deny the motion. Plaintiff feels that (2) of this rule would be ineffective as the evidence suggest that the issues dealing with S. Garcia was deliberate, and an continuance to obtain affidavits, depositions or other discovery would not be true or accurate based upon actions by defendants to defraude this court with an altered document sworn by declarations to be true, for these reasons and any other rule that may apply the defendants actions, their motion for summary judgment should be denied. See plaintiff's "declaration in support:"

Dated: 4·16·10      /S/: D. Pride
                    DAVID C. PRIDE JR

EXHIBIT

A

EXHIBIT A

1   Plaintiff's Declaration in Support of Plaintiff's motion-to-dismiss
2   defendants motion for summary judgment.

4   Plaintiff (David Codell Pride Jr.) Declares Under Penalty of Perjury
5   that the statements in plaintiffs motion to dismiss defendants-motion
6   for summary judgment are true and accurate to the best of plaintiff's
7   memory of stated facts.

15   Date: 4·16·10         /S/: *D. Pride*
16                              DAVID C. PRIDE. JR

CAL B 06 0220

First Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other _____
E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 2-7-06    Due Date: 3-13-06
Interviewed by: _____

**PLEASE SEE ATTACHED MEMO RESPONSE.**

Staff Signature: S. Garcia, RN    Title: Staff RN    Date Completed: 3-10-06
Division Head Approved
Signature: M. Levin, MD 3/7/06    Title: CMO/HCM    Returned Date to Inmate: MAR 14 2006

If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

It has been well understood that all inmates must ask for money damages in a 602 to exhaust that portion of any future suit. Also, there really is no "partial granting" of this appeal where as i am still without the requested chronos and egg crate/knee brace, although my Doctor recommended it, and i am still in pain and losing sleep due to this neglect see page 2

Signature: David Pride    Date Submitted: 3.16.06

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other _____
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4-3-06    Due Date: 4-19-06
☒ See Attached Letter

Signature: Marea Correa, M. Correa, RN, SRN II    Date Completed: 31 MAY 2006
Warden/Superintendent Signature: M. Levin, MD, CMO/HCM 5/3/06    Date Returned to: JUN 01 2006

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Respondents have lied in their response! my medical record reflects my need for a double mattress or egg crate; it also reflects one was given in 2005; as well as two different doctors recommended it; each time i went to see the doctor i spoke to him about this appeal and RN Garcia can vouch for this as she's called the appeals coordinator for me during my last visit. my PCP was supposed to check my records as well.

Signature: David Pride    Date Submitted: 6.12.06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____
☒ See Attached Letter    Date: AUG 16 2006

CDC 602 (12/87)